UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| KISHOR K. GIRI, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> HSBC BANK USA, ) <br> ) <br> Defendant. ) | 2:14-cv-00901-RCJ-PAL <br><br> **ORDER** |

This case arises out of a residential mortgage foreclosure. Pending before the Court is a Motion for Judgment on the Pleadings (ECF No. 14). For the reasons given herein, the Court grants the motion in part and denies it in part.

I.  **FACTS AND PROCEDURAL HISTORY**

Plaintiff Kishor Giri is the former owner of real property located at 6476 Carolina Dew Ct., Las Vegas, Nevada 89122 (the "Property"). (V. Compl. ¶¶ 7, 11, ECF No. 1, at 5). Plaintiff purchased the property on November 7, 2005, and he later enlisted in the U.S. Army, serving from January 13, 2009 until November 5, 2012. (*Id.* ¶¶ 12–13). On May 7, 2009, while Plaintiff was on active duty, Defendant "wrongly foreclosed . . . without a court order." (*Id.* ¶ 14).

Plaintiff sued Defendant HSBC Bank USA ("HSBC") in state court for: (1) violation of the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. app. § 518(3); (2) violation of SCRA,

50 U.S.C. app. § 533; and (3) violation of Nevada Revised Statutes ("NRS") sections 107.085–.086. Defendant removed and has now moved for judgment on the pleadings.

## II.     LEGAL STANDARDS

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The standards governing a Rule 12(c) motion are the same as those governing a Rule 12(b)(6) motion. *See Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989) ("The principal difference . . . is the time of filing. . . . [T]he motions are functionally identical . . . .").

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action

with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). In other words, under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a cognizable legal theory (*Conley* review), but also must plead the facts of his own case so that the court can determine whether the plaintiff has any plausible basis for relief under the legal theory he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

///

**III.     ANALYSIS**

Defendant argues that Plaintiff has failed to allege facts which if true would entitle him to relief, and also that Plaintiff's claims are judicially estopped for failure to include them in the assets schedule of his previous Chapter 7 bankruptcy petition. The Court will address the latter argument first.

**A.     Judicial Estoppel**

The general rule is "[i]f a plaintiff-debtor omits a pending (or soon-to-be-filed) lawsuit from the bankruptcy schedules and obtains a discharge (or plan confirmation), judicial estoppel bars the action." *Ah Quin v. Cnty. of Kauai Dep't of Transp.*, 733 F.3d 267, 271 (9th Cir. 2013). Plaintiff argues that judicial estoppel is not automatic in this Circuit. He is partially correct. If the failure to file correct schedules was the result of "inadvertence or mistake," a plaintiff-debtor may avoid judicial estoppel. *See id.* at 271. Generally, if a plaintiff-debtor knew of a claim when filing the bankruptcy schedules and had a motive to conceal it (which will almost always be the case), deceit is presumed, and the inadvertence exception is not available. *See id.* But if a plaintiff-debtor moves to reopen the previous bankruptcy case to file amended schedules, such that the judicial benefit obtained because of the omission can be unwound, the district court must inquire more broadly into the plaintiff-debtor's subjective intent before estopping his claims. *See id.* at 273.

> In these circumstances, rather than applying a presumption of deceit, judicial estoppel requires an inquiry into whether the plaintiff's bankruptcy filing was, in fact, inadvertent or mistaken, as those terms are commonly understood. Courts must determine whether the omission occurred by accident or was made without intent to conceal. The relevant inquiry is not limited to the plaintiff's knowledge of the pending claim and the universal motive to conceal a potential asset—though those are certainly factors. The relevant inquiry is, more broadly, the plaintiff's subjective intent when filling out and signing the bankruptcy schedules.

*Id.* at 276–77.  Plaintiff argues he had no deceptive intent when he filled out the schedules.  But the Court need not reach that issue, because Plaintiff does not allege having moved to reopen his bankruptcy case, so the traditional presumption of deceit, and hence judicial estoppel, applies.  Plaintiff has agreed to move to reopen his bankruptcy case if necessary to proceed in this action.  Because the Court believes that not all claims should be dismissed with prejudice on the merits, the Court will give Plaintiff twenty-eight days to reopen his bankruptcy case.

### B. The Merits

#### 1. § 518(3)

The Court agrees there is no claim stated under § 518(3).  That statute contains the following anti-retaliation provision:

> Application by a servicemember for, or receipt by a servicemember of, a stay, postponement, or suspension pursuant to this Act [sections 501 to 515 and 516 to 597b of this Appendix] in the payment of a tax, fine, penalty, insurance premium, or other civil obligation or liability of that servicemember shall not itself (without regard to other considerations) provide the basis for any of the following . . . .

50 U.S.C. app. § 518(3) (1940).  Plaintiff does not allege having requested any "stay, postponement, or suspension" in the payment of any "civil obligation or liability" or that Defendant responded with a determination that Plaintiff was unable to pay the obligation, revocation of credit, an adverse credit report, etc.  *See id.*  This claim is therefore dismissed, with leave to amend.

#### 2. § 533(c)

Plaintiff has sufficiently stated a claim under § 533(c), but the right to bring a private cause of action to enforce this section is not retroactive to the alleged wrongdoing in this case. Section 533(c) voids foreclosures against property where the debt secured by the mortgage was incurred before the period of military service, the foreclosure is made during the military service

or within one year thereafter, and where the foreclosure is not judicially ordered or pursuant to an agreement under § 517. *See* § 533(a), (c). These elements are sufficiently pled. (*See* V. Compl. ¶¶ 12–14). Defendant argues that there was no private right of action to enforce this section when the foreclosure occurred, and that the 2010 amendments providing for a private right of action have not yet been interpreted by the Court of Appeals to be retroactive.

Section 597a unambiguously provides for a private right of action for damages, equitable and declaratory relief, and attorney's fees and costs. *See* 50 U.S.C. app. § 597a (2010). The Fourth Circuit has ruled that the application of § 597a did not work any impermissible retroactive effect in a case concerning a claim for violation of § 537, which limits enforcement of liens. *See Gordon v. Pete's Auto Serv. of Denbigh, Inc.*, 637 F.3d 454, 456–57 (4th Cir. 2011) (reversing the district court's dismissal for lack of a private right of action where § 597a had become effective during the appeal).

The *Gordon* court first noted the three-step inquiry under *Landgraf v. USI Film Prods.*, 511 U.S. 244 (1994). First, Congress had not expressly stated the reach of the statute. *See Gordon*, 637 F.3d at 458–59. The Court agrees, and there appears to be no dispute over this point. Second, there was no change to the rights and responsibilities of the parties in that case, because Virginia conversion law provided the same (if not a greater) measure of damages, and the only change was to provide a federal forum. *See id.* at 459–61. The court noted that retroactive effect is impermissible when it "attaches new legal consequences to events completed before its enactment," *id.* at 459 (quoting *Landgraf*, 511 U.S. at 270 (internal quotation marks omitted)), for example by "impair[ing] rights a party possessed when he acted, increas[ing] a party's liability for past conduct, or impos[ing] new duties with respect to transactions already completed." *Id.* (quoting *Landgraf*, 511 U.S. at 280 (internal quotation marks omitted)). Because

there was no impermissible retroactive effect, the Court did not have to reach the third question under *Landgraf* (whether there was a clear Congressional intent favoring the retroactive effect). Defendant argues that the previous version of § 533 provided only for criminal liability, not for any civil liability. The Court agrees but must also ask whether the same (or greater) measure of damages was available to Plaintiff under Nevada state law based on Defendant's alleged conduct at the time of the amendment. If so, there is no *Landgraf* problem. *See id.* at 459–61. If not, there is. *See Williams v. U.S. Bank Nat'l Assoc.*, No. ED CV12-00748, 2013 WL 571844, at *4 (C.D. Cal. Feb. 13, 2013) (holding that there was no pre-amendment right to equivalent civil relief under either the SCRA or California law).

The state of Nevada provided for civil liability for entities wrongfully foreclosing on residential property as of the effective date of § 597a, October 13, 2010. But the liability was not as broad. For example, the tort of wrongful foreclosure existed, but it was only available where a foreclosure occurs without a default, which Plaintiff does not allege. *See Collins v. Union Fed. Sav. & Loan Assoc.*, 662, P.2d 610, 623 (Nev. 1983). There were also many statutory provisions requiring certain formalities in non-judicial foreclosures. *See, e.g.*, Nev. Rev. Stat. §107.080 (2009). But there was no liability of which the Court is aware for the bare act of conducting a non-judicial foreclosure during a service member's service where the secured debt had been incurred before the term of service. The only provision of Nevada's foreclosure statutes appearing to relate to service members' rights is found in section 107.500(1)(a), which requires a statement concerning SCRA rights in the mandatory pre-notice-of-default mailing, and which provision was not effective until 2013, long after the foreclosure in this case. Because the application of § 597a would have an impermissible retroactive effect in this case, the Court must determine whether that was Congress' clear intent.

If the plain language of a statute indicates Congress' intent, the inquiry ends, but where it does not, a Court may need to examine legislative history to sort out Congress' intent. *See Heppner v. Alyeska Pipeline Serv. Co.*, 665 F.2d 868, 871 (9th Cir. 1981). The language of § 597a is silent on its retroactive effect, so the Court must examine the legislative history.[1] The Veterans' Benefits Act of 2010 (the "Act"), i.e., H.R. 3219, was adopted by the Senate on September 28, 2010 in its current form. *See* 156 Cong. Rec. 16718–45 (2010). None of the comments made in the chamber or in the Joint Explanatory Statement adopted and published at that time refer to the retroactive reach of § 597a (§ 303 of the Act). *See id.* The next day, the House of Representatives passed the Act, as amended, and none of the comments made in the chamber or in the Joint Explanatory Statement adopted and published at that time refer to the retroactive reach of § 597a (§ 303 of the Act). *See* 156 Cong. Rec. 17097–119 (2010). The House Report on the Act does not refer at all to the relevant provision, because the report was authored before the Senate added § 303 as an amendment. *See* H.R. Rep. No. 111-223 (2010). Because the legislative history is silent on the question, the Court cannot find the requisite clear intent for the statute to apply to pre-enactment wrongdoing in this case. The Court therefore dismisses the § 533(c) claim, without leave to amend.

Third, Defendant argues that the claims under NRS sections 107.085–.086 (the Foreclosure Mediation Program) fail, because those sections became effective on July 1, 2009, and the foreclosure in this case occurred on or about May 7, 2009. The Court agrees. (*See* Assembly Bill 149 § 6, 2009 Nev. Stat. 1752, 1759). The Court rejects Plaintiff's argument that

---

[1] Defendant is incorrect that the *Gordon* court found no congressional intent for retroactive application on page 459 of that opinion. There, the court found only that the statute's temporal reach was not expressly addressed in the text of the statute. *See Gordon*, 637 F.3d at 458–59. The court later noted that because there was no impermissible retroactive effect, it did not need to reach the question of whether Congress clearly intended the effect. *Id.* at 461 n.2.

the effective date should not matter because Defendant's actions in foreclosing were wrongful. To the contrary, Plaintiff has admitted Defendant's actions were not wrongful under the relevant sections, because he has admitted Defendant's actions occurred before those sections were the law.  The Court therefore dismisses this claim, without leave to amend.

In summary, Plaintiff may amend the § 518(3) claim if he wishes, but the case is otherwise dismissed, without leave to amend.  If Plaintiff does not move to reopen his bankruptcy case and also file an amended complaint as to the § 518(3) claim within twenty-eight (28) days from the date of the entry of this order into the electronic docket, the Court will, upon Defendant's motion, dismiss the remainder of the case with prejudice based on judicial estoppel and/or failure to comply with an order of the Court, as appropriate.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Judgment on the Pleadings (ECF No. 14) is GRANTED IN PART and DENIED IN PART.  The § 518(3) claim is dismissed, with leave to amend.  The § 533(c) and NRS section 107.085–.086 claims are dismissed, without leave to amend.

IT IS SO ORDERED.

Dated this 20th day of January, 2015.

_____
ROBERT C. JONES
United States District Judge